Davis, J.,
delivered the opinion of the court:
Plaintiff, a retired officer of the Army, invented a device for breech-loading cannon; a device which was capable of application to old as well as to new guns. The invention was approved by the War Department, a contract was entered into with the South Boston Iron Company for the conversion of a smooth-bore gun to be fitted with the device, and plaintiff was selected to supervise the construction of the gun. In this duty he was occupied some nineteen and one-half months, and he asks compensation at the rate of $200 per month for this period.
The contract is made up of a letter addressed to plaintiff by the Chief of Ordnance and the performance of the service desired. The letter, after indicating the nature of the duties imposed, thus concludes:
“ For supervising the above and the construction you will be allowed a compensation of $200 a month for two months.”
Upon the authority of this letter plaintiff undertook the work. It should be remembered that no breech-loading cannon can be made in two months, whether it be a new gun or whether the problem be, as in this case, the conversion of an *300 old iron smooth bore into a steel lined rifled breech-loading arm; also that as plaintiff was the inventor of the breech ■device, the subject of experiment, it was advantageous for him to be present at the manufacture with a view to future success in the trial, which might result in a general use of liis device and thus be to his profit.
The Chief of Ordnance knowing these facts, still thought some compensation proper, but was very specific and guarded in his statement that this compensation was to be $200 for a defined period, a period necessarily less than "that required to complete the gun, to wit, two months.
There can be no doubt as to what the Chief of Ordnance intended, and as the plaintiff acted upon this proposal, not objecting to it or criticising it, he must be held to have accepted it and to have agreed to perform the task, a task which was really advantageous to him, a task whose duration was known to be indefinite, for a sum not to exceed $400.
Sections 1763, 1764, and 1765, Revised Statutes, relating to double pay, do not apply to this case, as has been already well settled. Plaintiff' could not have beeu assigned to this duty by order of the Secretary of War, for the law forbids it (section 1259). The case therefore falls within the principle declared in Brindle v. The United States and other cases (110 U. S. R., 688; Meigs v. U. S., 19 C. Cls. R., 497).
Judgment for plaintiff in the sum of $400.